Friday, December 2.
JUDGE TUCKER,
after stating the case, proceeded:
The consent entered in the County Court, that the defendant might give in evidence upon the trial of the issue joined, any thing which he could have specially pleaded, takes away all objection to his not having pleaded a regular judgment of the District Court, as a justification of the arrest of the defendant upon the execution: an omission which otherwise might have been fatal. The plaintiff’s own evidence, however, as stated in the bill of exceptions, shews that there had been a regular judgment of a Court of Record; and by the act of 1792, (g) the practice of issuing executions, without being directed to any sheriff, (however irregular at common law,) has received a sanction which nothing but an express legislative act would ever have obtained for it in a Court of Common law. Having thus disposed of these points, it remains to consider,
1. Whether the plaintiff’s action, under the circumstances of this case, will lie? And there can be no doubt, that, where a party is taken in custody upon a process, which is for any reason void; as if a capias ad satisfaciendum be sued out against an executor or administrator, on a judgment obtained against him for a debt due by his testator, without establishing a devas-tavit; such writ is merely void, and an action of trespass and false imprisonment lies against the plaintiff suing out the writ, though not ^against the Sheriff, (h) So, if a term intervene between the teste and the return of' a capias, (i) But, it would seem that, where the process is irregular only, the plaintiff, at whose suit the arrest is made, is not liable to an action of trespass, until the writ is superseded. Eor, per Buller, Judge, till then, it is a justification, (k) And the same doctrine seems to be recognised in 2 Blacks. Rep. 846,(l) 867, (m) 1191, (n) 1194,3 Wilson, 342,(1) 345, 3 Wilson, 376, (m) 1 Strange, 509. (o) But, in the case before us, the process was not yoid, for there is shewn to have been a judgment upon which it was founded, which is not alleged to have been unduly obtained, or reversed. The defendant, if he had paid the debt, ought, according to the authority of Judge Buller, applied to the District Court to supersede, or quash the second execution, thus vexatiously sued out, before he brought his action. And there seems to me to be very strong reasons in favour of this preliminary course of proceeding. For, otherwise, the satisfaction and discharge of every debt for which a judgment is recovered in the highest Court of Record in the country, may be collaterally inquired into in any inferior Court in the country. Whereas it belongs, exclusively, I conceive, to the Court where the judgment is recovered to determine whether that judgment hath been actually satisfied and discharged. A contrary practice would introduce numberless inconveniences, since every execution issued from one Court, and served, may be the parent of a dozen other suits in other *659 Courts. And there is an additional reason for this construction given bj' Ed. Ch. J. Grey. “Trespass, (by the way,) says his Eordship, must be certain, and either an injury or not, at the time of the act done. It cannot depend on the subsequent discretion of the Court, in granting or refusing the discharge.”(a) Now suppose the District Court of Dumfries, on motion to quash this execution on the ground that the judgment was discharged, had refused, as it might, if not satisfied with the reasons given for quashing it, «could the defendant have maintained this action? And, since it still may be in the discretion of that Court to quash it or not, for any thing that appears in this bill of exceptions, could this action be maintained without shewing this? And, if it could not, have not the Court erred in instructing the Jury that, if they were satisfied of the payment, the action could well be sustained by the evidence stated in the bill of exceptions? I am clearly of that opinion, not only for the preceding reasons, but because this Court have repeatedly declared it to be error if the Court undertake to instruct the Jmy as to the weight, or sufficiency of the evidence offered to them, (b)
A second error appears to me in this, the assault and false imprisonment are stated in the declaration to have been committed at the parish of Fairfax, in the County of Fairfax. The evidence excepted to, is an execution issuing from the District Court of Dumfries, which was served at Prince William Court, where the defendant was attending as a witness, and while he was sojourning- (as he expresses it) for a time in the County of Prince William. Now, although trespass is a transitory action, like debt upon a bond, yet if it appear from the evidence that the trespass was committed, in the one case, or the bond executed in the other, in a foreign place or jurisdiction, there must be an allegation in the declaration, that it was so executed, or so committed, at the place to which the evidence necessarily points, to wit, in the County, or country, in which the suit is brought; under a videlicet. This is necessary in order to a proper venire. It is necessary also to prevent a multiplicity of suits. For, if there had been no exception taken to this testimony, how could a recovery in this action be pleaded in bar of any future action brought in twenty other Courts for the same cause?
A third ground upon which I conceive the County Court erred, is, that supposing the execution not to have been previously satisfied, the taking him into custody upon that execution whilst he was attending as a witness at the County «Court of Prince William, and detaining him in custody until he shewed that he was there attending on a summons, was not a sufficient cause to support this action of trespass, assault and battery, and false imprisonment, as was decided in Cameron v. Eightfoot, (c) where this point was fully considered; and the Court decided that the writ was not void, nor the arrest illegal, but improperly timed, only. And the Court there said, that the privilege of the witness was not considered as the privilege of the person attending, but of the Court which he attends.
I have taken no notice of the evidence which might have been given to the Jury, except what is stated in the bill of exceptions ; the mass of papers copied at the end of the record, as has been more than once decided, though certified by the Clerk to have been filed in the cause, not being properly before this Court.
For these reasons I am of opinion that the judgment of the District Court should be affirmed.
JUDGE) ROANE)
said, that he could see
no error in the judgment of the District Court; and was in favour of affirming it.
JUDGE FEEMING
was of the same opinion.

-) Rev. Code, 1 vol., c. 76. s. 39.

Oi) 2 Blacks. Rep. 866, Barker v. Braham; 3 Wilson, 368 S. C.; 2 Blacks. Rep. 1192,1193, 1194, Cameron v. Lightfoot. See also 3 T. R. 183, Belk v. Broadhent & Wife.

 2 Blacks. Rep. 845, Parsons v. Lloyd; 3 Wilson, 341, S. C.

 Doug. 652, Tarlton v. Fisher.

 Parsons v. Lloyd.

 Barker’s Administrator v. Braham, &c.

 Cameron v. Lightfoot.

 Philips v. Biron.

 2 Blacks. Rep. 1193, in the case of Cameron v. Lightfoot.

 Fisher's Executors v. Duncan and Turnbull, 1 Hen. & Munf. 577. vide also 1 Wash. 90, 203.

 8 Black's Rep. 1190.